
🇺🇸 An official website of the United States government
Here's how you know ⌄


THE UNITED STATES

**Attorney General Merrick Garland Delivers Remarks**

Washington, DC ~ Thursday, August 11, 2022

---

***Remarks as Delivered***

Good afternoon. Since I became Attorney General, I have made clear that the Department of Justice will speak through its court filings and its work.

Just now, the Justice Department has filed a motion in the Southern District of Florida to unseal a search warrant and property receipt relating to a court-approved search that the FBI conducted earlier this week.

That search was of premises located in Florida belonging to the former President. The Department did not make any public statements on the day of the search. The former President publicly confirmed the search that evening, as is his right.

Copies of both the warrant and the FBI property receipt were provided on the day of the search to the former President's counsel, who was on site during the search.

The search warrant was authorized by a federal court upon the required finding of probable cause.

The "property receipt" is a document that federal law requires law enforcement agents to leave with the property owner.

The Department filed the motion to make public the warrant and receipt in light of the former President's public confirmation of the search, the surrounding circumstances, and the substantial public interest in this matter.

Faithful adherence to the rule of law is the bedrock principle of the Justice Department and of our democracy.

Upholding the rule of law means applying the law evenly, without fear or favor. Under my watch, that is precisely what the Justice Department is doing.

All Americans are entitled to the evenhanded application of the law, to due process of the law, and to the presumption of innocence.

Much of our work is by necessity conducted out of the public eye. We do that to protect the constitutional rights of all Americans and to protect the integrity of our investigations.

Federal law, longstanding Department rules, and our ethical obligations prevent me from providing further details as to the basis of the search at this time. There are, however, certain points I want you to know.

First, I personally approved the decision to seek a search warrant in this matter.

Second, the Department does not take such a decision lightly. Where possible, it is standard practice to seek less intrusive means as an alternative to a search, and to narrowly scope any search that is undertaken.

Third, let me address recent unfounded attacks on the professionalism of the FBI and Justice Department agents and prosecutors. I will not stand by silently when their integrity is unfairly attacked.

The men and women of the FBI and the Justice Department are dedicated, patriotic public servants.

**APP B 001**

Every day, they protect the American people from violent crime, terrorism, and other threats to their safety, while safeguarding our civil rights. They do so at great personal sacrifice and risk to themselves.

I am honored to work alongside them.

This is all I can say right now. More information will be made available in the appropriate way and at the appropriate time. Thank you.

---

**Speaker:**
Attorney General Merrick B. Garland

**Component(s):**
Federal Bureau of Investigation (FBI)
Office of the Attorney General

*Updated August 11, 2022*

APP B 002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-8332-BER

IN RE SEALED SEARCH WARRANT

FILED UNDER SEAL

FILED BY _____ D.C.

AUG 1 1 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

_____/

## NOTICE OF FILING OF REDACTED DOCUMENTS

The United States hereby gives notice that it is filing the following document, which

is a redacted version of material previously filed in this case number under seal:

- The search warrant (not including the affidavit) signed and approved by the Court on

  August 5, 2022, including Attachments A and B;

- The Property Receipt listing items seized pursuant to the search, filed with the Court

  on August 11, 2022.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
Florida Bar No. 897388
99 NE 4th Street, 8th Floor
Miami, Fl 33132
Tel: 305-961-9001
Email: juan.antonio.gonzalez@usdoj.gov

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No.  22-mj-8332-BER |
| the Premises Located at 1100 S. Ocean Blvd., Palm | ) | |
| Beach, FL 33480, as further described in Attachment A | ) | |
| | ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Southern _____ District of _____ Florida _____ *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____ August 19, 2022 _____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Duty Magistrate _____ .
                                        *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    8/5/22   12:12 pm                    *Bruce Reinhart*
                                                              *Judge's signature*

City and state:      West Palm Beach, FL                 Hon. Bruce Reinhart, U.S. Magistrate Judge
                                                              *Printed name and title*

**APP B 004**

**ATTACHMENT A**

*Property to be searched*

The premises to be searched, 1100 S Ocean Blvd, Palm Beach, FL 33480, is further described as a resort, club, and residence located near the intersection of Southern Blvd and S Ocean Blvd.  It is described as a mansion with approximately 58 bedrooms, 33 bathrooms, on a 17-acre estate.  The locations to be searched include the "45 Office," all storage rooms, and all other rooms or areas within the premises used or available to be used by FPOTUS and his staff and in which boxes or documents could be stored, including all structures or buildings on the estate.  It does not include areas currently (i.e., at the time of the search) being occupied, rented, or used by third parties (such as Mar-a-Largo Members) and not otherwise used or available to be used by FPOTUS and his staff, such as private guest suites.

APP B 005

**ATTACHMENT B**

*Property to be seized*

All physical documents and records constituting evidence, contraband, fruits of crime, or other items illegally possessed in violation of 18 U.S.C. §§ 793, 2071, or 1519, including the following:

      a. Any physical documents with classification markings, along with any containers/boxes (including any other contents) in which such documents are located, as well as any other containers/boxes that are collectively stored or found together with the aforementioned documents and containers/boxes;

      b. Information, including communications in any form, regarding the retrieval, storage, or transmission of national defense information or classified material;

      c. Any government and/or Presidential Records created between January 20, 2017, and January 20, 2021; or

      d. Any evidence of the knowing alteration, destruction, or concealment of any government and/or Presidential Records, or of any documents with classification markings.

**APP B 006**

FD-597 (Rev. 4-13-2015)                                                      Page 1 of 1

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION

# RECEIPT FOR PROPERTY

Case ID:    WF-■■■■■

On (date)  8/8/2022                    item(s) listed below were:
                                       ☒ Collected/Seized
                                       ☐ Received From
                                       ☐ Returned To
                                       ☐ Released To

(Name)  Mar-A-Lago

(Street Address)  1100 S OCEAN BLVD

(City)  PALM BEACH, FL 33480

### Description of Item(s):

4 - Documents

29 - Box labeled A-14

30 - Box Labeled A-26

31 - Box Labeled A-43

32 - Box Labeled A-13

33 - Box Labeled A-33

Received By: _Christine Bobb_          Received From: ■■■■■■■
                (signature)                               (signature)

Printed Name/Title: _Christina Bobb_    Printed Name/Title: ■■■■■ / SSA
                    _attorney_

        6:19 pm on 8/8/22

**APP B 007**

FD-597 (Rev. 4-13-2015)

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION

# RECEIPT FOR PROPERTY

Case ID:    WF-█████████

On (date)   8/8/2022

item(s) listed below were:

☒ Collected/Seized
☐ Received From
☐ Returned To
☐ Released To

(Name)   Mar-A-Lago

(Street Address)   1100 S OCEAN BLVD

(City)   PALM BEACH, FL 33480

**Description of Item(s):**

1 - Executive Grant of Clemency re: Roger Jason Stone, Jr.

1A - Info re: President of France

2 - Leatherbound box of documents

2A - Various classified/TS/SCI documents

3 - Potential Presidential Record

5 - Binder of photos

6 - Binder of photos

7 - Handwritten note

8 - Box labeled A-1

9 - Box labeled A-12

10 - Box Labeled A-15

10A - Miscellaneous Secret Documents

11 - Box Labeled A-16

11A - Miscellanous Top Secret Documents

12 - Box labeled A-17

13 - Box labeled A-18

13A - Miscellaneous Top Secret Documents

14 - Box labeled A-27

14-A - Miscellaneous Confidential Documents

**APP B 008**

FD-597 (Rev. 4-13-2015)                                                         Page 2 of 2

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
# RECEIPT FOR PROPERTY

15 - Box Labeled A-28

15A - Miscellaneous Secret Documents

16 - Box labeled A-30

17 - Box labeled A-32

18 - Box labeled A-35

19 - Box labeled A-23

19A - Confidential Document

20 - Box Labeled A-22

21 - Box labeled A-24

22 - Box Labeled A-34

23 - Box Labeled A-39

23A - Miscellaneous Secret Documents

24 - Box labeled A-40

25 - Box Labeled A-41

25A - Miscellaneous Confidential Documents

26 - Box Labeled A-42

26A - Miscellaneous Top Secret Documents

27 - Box Labeled A-71

28 - Box Labeled A-73

28A - Miscellaneous Top Secret Documents

**Received By:** *Christina Bobb* (signature)

**Received From:** ▮▮▮▮▮ (signature)

**Printed Name/Title:** *Christina Bobb* *attorney*

**Printed Name/Title:** ▮▮▮▮▮ *Special Agent*

6:19pm on 8/8/22

APP B 009

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-MJ-8332-BER

**IN RE SEALED SEARCH WARRANT**

_____/

### <u>UNITED STATES' MOTION TO UNSEAL LIMITED WARRANT MATERIALS</u>

On August 8, 2022, the Department of Justice executed a search warrant, issued by this Court upon the requisite finding of probable cause, _see_ Fed. R. Crim. P. 41(c)(1)-(2), at the premises located at 1100 S. Ocean Blvd., Palm Beach, Florida 33480, a property of former President Donald J. Trump.

At the time the warrant was initially executed, the Department provided notice directly to former President Trump's counsel. The Department did not make any public statements about the search, and the search apparently attracted little or no public attention as it was taking place. Later that same day, former President Trump issued a public statement acknowledging the execution of the warrant. In the days since, the search warrant and related materials have been the subject of significant interest and attention from news media organizations and other entities.

In these circumstances involving a search of the residence of a former President, the government hereby requests that the Court unseal the Notice of Filing and its attachment (Docket Entry 17), absent objection by former President Trump. The attachment to that Notice consists of:

- The search warrant signed and approved by the Court on August 5, 2022, including Attachments A and B; and

**APP B 010**

- The redacted Property Receipt listing items seized pursuant to the search, filed with the Court on August 11, 2022.[1]

The government will respond to the direction of the Court to provide further briefing as to additional entries on the docket, pursuant to the schedule set by the Court.

Consistent with standard practice in this Court, the search warrant and attachments were each filed under seal in Case No. 22-mj-8332-BER prior to the search; the Property Receipt was filed under seal today. Former President Trump, through counsel, was provided copies of each of these documents on August 8, 2022, as part of the execution of the search.

## Argument

### In These Circumstances, the Court Should Unseal the Search Warrant, Including Attachments A and B, and the Property Receipt, Absent Objection from the Former President.

The press and the public enjoy a qualified right of access to criminal and judicial proceedings and the judicial records filed therein. *See, e.g.*, *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). The unsealing of judicial materials pursuant to the common-law right of access "requires a balancing of competing interests." *Chicago Tribune Co.*, 263 F.3d at 1311. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will

---

[1] The redactions in Docket Entry 17 remove the names of law enforcement personnel who executed the search from the unsealed materials. For ease of reference, the documents the government seeks to unseal, in the form to be made available to the public, have been filed under seal as Docket Entry Number 17.

APP B 011

be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246.[2] Given the intense public interest presented by a search of a residence of a former President, the government believes these factors favor unsealing the search warrant, its accompanying Attachments A and B, and the Property Receipt, absent objection from the former President.

Although the government initially asked, and this Court agreed, to file the warrant and Attachments A and B under seal, releasing those documents at this time would not "impair court functions," including the government's ability to execute the warrant, given that the warrant has already been executed. *See Romero*, 480 F.3d at 1246. Furthermore, on the day that the search was executed, former President Trump issued a public statement that provided the first public confirmation that the search had occurred. Subsequently, the former President's representatives have given additional statements to the press concerning the search, including public characterizations of the materials sought. *See, e.g., F.B.I Search of Trump's Home Pushes Long Conflict Into Public View*, N.Y. Times (Aug. 9, 2022), *available at* https://www.nytimes.com/2022/08/09/us/politics/fbi-search-trump.html ("Christina Bobb, a lawyer and aide to Mr. Trump who said she received a copy of the search warrant, told one interviewer that the agents were looking for 'presidential records or any possibly classified material.'"). As such, the occurrence of the search and indications of the subject matter involved are already public.

---

[2] In addition, the First Amendment provides a basis for the press and the public's "right of access to criminal trial proceedings." *Chicago Tribune Co.*, 263 F.3d at 1310. However, this Circuit has not addressed whether the First Amendment right of access applies to sealed search warrant materials. *See, e.g., Bennett v. United States*, No. 12-61499-CIV, 2013 WL 3821625, at *3 (S.D. Fla. July 23, 2023) ("this Court has found no Eleventh Circuit decisions addressing whether a First Amendment right of access extends to sealed search-warrant affidavits, particularly at the preindictment stage").

APP B 012

This matter plainly "concerns public officials or public concerns," *Romero*, 480 F.3d at 1246, as it involves a law enforcement action taken at the property of the 45th President of the United States. The public's clear and powerful interest in understanding what occurred under these circumstances weighs heavily in favor of unsealing. That said, the former President should have an opportunity to respond to this Motion and lodge objections, including with regards to any "legitimate privacy interests" or the potential for other "injury" if these materials are made public. *Romero*, 480 F.3d at 1246. To that end, the government will furnish counsel for the former President with a copy of this Motion.

## Conclusion

This Court should unseal Docket Entry 17, subject to the presentation of countervailing interests by former President Trump. A proposed Order is attached herein.

Respectfully submitted,

/s *Juan Antonio Gonzalez*
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
Florida Bar No. 897388
99 NE 4th Street, 8th Floor
Miami, Fl 33132
Tel: 305-961-9001
Email: juan.antonio.gonzalez@usdoj.gov


/s/ *Jay I. Bratt*
JAY I. BRATT
CHIEF
Counterintelligence and Export Control Section
National Security Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Illinois Bar No. 6187361
202.233.0986
jay.bratt2@usdoj.gov

APP B 013

<u>**Certificate of Service**</u>

    **I HEREBY CERTIFY** that I caused the attached document to be electronically

transmitted to the Clerk's Office using the CM/ECF system for filing.

/s *Juan Antonio Gonzalez*
Juan Antonio Gonzalez
United States Attorney

APP B 014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-8332-BER

IN RE SEALED SEARCH WARRANT

_____/

**PROPOSED ORDER**

The United States of America, having applied to this Court for an Order to Unseal

Limited Warrant Materials, filed on August 11, 2022, and the Court, having reviewed the

motion [and the responses filed to the motion] and being fully advised in the premises, it is

hereby

**ORDERED** that:

1. The Motion to Unseal Limited Warrant Materials is **GRANTED**.

2. Docket Entry 17 and its attachment are hereby **UNSEALED.**

Any other warrant-related materials shall remain SEALED pending any further order of the

Court.

DONE AND ORDERED in chambers in _____, Florida, this ___ day

of August 2022.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    U.S. Attorney Juan Antonio Gonzalez

**APP B 015**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MJ-8332-BER

IN RE SEALED SEARCH WARRANT        FILED UNDER SEAL

_____/

## SECOND NOTICE OF FILING OF REDACTED DOCUMENTS

The United States hereby gives notice that it is filing the following document, which

is a redacted version of material previously filed in this case number under seal:

- The criminal cover sheet associated with the August 5, 2022 warrant application

  (Docket Entry 1, page 1);

- The cover sheet to the August 5, 2022 warrant application (Docket Entry 1, page 4);

- The government's motion to seal the search warrant (Docket Entry 2); and

- The Court's order sealing the warrant and related materials (Docket Entry 3).

JUAN ANTONIO GONZALEZ
United States Attorney

By: _____

United States Attorney
Florida Bar No. 897388
99 NE 4th Street, 8th Floor
Miami, Fl 33132
Tel: 305-961-9001
Email: juan.antonio.gonzalez@usdoj.gov

APP B 016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-mj-8332-BER

IN RE SEALED SEARCH WARRANT
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY:

Assistant United States Attorney

99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone:
E-mail:

**APP B 017**

AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

FILED BY _____ TM _____ D.C.

**Aug 5, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

the Premises Located at 1100 S. Ocean Blvd., Palm Beach, FL 33480, as further described in Attachment A

)
)
)
)
)

Case No. 22-mj-8332-BER

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ Southern _____ District of _____ Florida _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 793 | Willful retention of national defense information |
| 18 U.S.C. § 2071 | Concealment or removal of government records |
| 18 U.S.C. § 1519 | Obstruction of federal investigation |

The application is based on these facts:

See attached Affidavit of FBI Special Agent ███████████

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attac███████

_____
Special Agent, FBI
*ame and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ Phone (WhatsApp) _____ *(specify reliable electronic means).*

Date: _____ 08/05/2022 _____

City and state: West Palm Beach, Florida

_____
*Judge's signature*

Hon. Bruce E. Reinhart, U.S. Magistrate Judge
*Printed name and title*

**APP B 018**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-mj-8332-BER

FILED BY_____ *TM*____D.C.

**Aug 5, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

IN RE: SEARCH WARRANT

_____/

**HIGHLY SENSITIVE DOCUMENT**

### MOTION TO SEAL

The United States of America, by and through the undersigned Assistant United States Attorney, hereby moves to seal this Motion, the Search Warrant, and all its accompanying documents, until further order of this Court. The United States submits that there is good cause because the integrity of the ongoing investigation might be compromised, and evidence might be destroyed.

The United States further requests that, pursuant to this Court's procedures for Highly Sensitive documents, all documents associated with this investigation not be filed on the Court's electronic docket because filing these materials on the electronic docket poses a risk to safety given the sensitive nature of the material contained therein.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: ███████████████████

Assistant United States Attorney

99 Northeast 4th Street
Miami, Florida 33132-2111

**APP B 019**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-mj-8332-BER

FILED BY_____ *TM*____D.C.

**Aug 5, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

IN RE: SEARCH WARRANT                    **HIGHLY SENSITIVE DOCUMENT**

_____/

## SEALING ORDER

The United States of America, having applied to this Court for an Order sealing the Motion to Seal, the Search Warrant and all its accompanying documents, and this order and the Court finding good cause:

**IT IS HEREBY ORDERED** that the Motion to Seal, the Search Warrant and its accompanying documents, and this Order shall be filed under seal until further order of this Court. However, the United States Attorney's Office and the Federal Bureau of Investigation may obtain copies of any sealed document for purposes of executing the search warrant.

**DONE AND ORDERED** in chambers at West Palm Beach, Florida, this 5TH day of August 2022.

HON. BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

APP B 020

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-MJ-8332-BER

**IN RE SEALED SEARCH WARRANT**

_____/

## <u>UNITED STATES' OMNIBUS RESPONSE TO MOTIONS TO UNSEAL</u>

On August 8, 2022, the Department of Justice executed a search warrant at the premises located at 1100 S. Ocean Blvd., Palm Beach, Florida 33480, a property of former President Donald J. Trump. Given the circumstances presented in this matter and the public interest in transparency, and in the wake of the former President's public confirmation of the search and his representatives' public characterizations of the materials sought, the government moved to unseal the search warrant, its attachments, and the Property Receipt summarizing materials seized, which motion this Court granted. Those docketed items, which had already been provided to the former President's counsel upon execution of the warrant, have now appropriately been made public. The affidavit supporting the search warrant presents a very different set of considerations. There remain compelling reasons, including to protect the integrity of an ongoing law enforcement investigation that implicates national security, that support keeping the affidavit sealed.[1]

The government does not object to unsealing other materials filed in connection with

---

[1] The government has carefully considered whether the affidavit can be released subject to redactions. For the reasons discussed below, the redactions necessary to mitigate harms to the integrity of the investigation would be so extensive as to render the remaining unsealed text devoid of meaningful content, and the release of such a redacted version would not serve any public interest. Nevertheless, should the Court order partial unsealing of the affidavit, the government respectfully requests an opportunity to provide the Court with proposed redactions.

the search warrant whose unsealing would not jeopardize the integrity of this national security investigation, subject to minor redactions to protect government personnel, namely: cover sheets associated with the search warrant application, Docket Entry ("D.E.") 1; the government's motion to seal, D.E. 2; and the Court's sealing order, D.E. 3. The government's proposed redactions to those documents have been filed under seal as D.E. 57, and the government now asks the Court to unseal the materials contained in that filing.[2]

<strong>Procedural Background</strong>

In recent days, following the execution of the search warrant, several news media organizations and other entities asked this Court to unseal the search warrant and related documents. *See* D.E. 4 (motion by Judicial Watch, Inc.) (Aug. 10, 2022); D.E. 6 (letter motion by *Times Union*) (Aug. 10, 2022); D.E. 8 (motion by New York Times Company) (Aug. 10, 2022); D.E. 20 (motion by CBS Broadcasting, Inc.) (Aug. 11, 2022); D.E. 22 (motion by Washington Post Company et al.) (Aug. 11, 2022); D.E. 23 (motion by *Palm Beach Post*) (Aug. 12, 2022); D.E. 30 (motion by Florida Center for Government Accountability) (Aug. 12, 2022); D.E. 31 (motion by *Miami Herald* and *Tampa Bay Times*) (Aug. 12, 2022); D.E. 32 (motion by Dow Jones & Company, Inc.) (Aug. 12, 2022); D.E. 33 (motion by Associated Press) (Aug. 12, 2022); D.E. 49 (motion by ABC, Inc.) (Aug. 15, 2022).

On August 10, 2022, after the filing of the first motion to unseal, the Court ordered the

---

[2] None of these documents contains new information that may implicate the privacy interests of former President Trump, so the government has not conferred with his counsel regarding their unsealing. In response to a request from the Washington Post Company group of intervenors (D.E. 22), the government conferred with counsel for those intervenors, who do not object to the proposed redactions. The government recognizes that they or other parties may seek additional time to file reply pleadings addressing any remaining disputed document(s), and the government does not object to such requests.

<strong>APP B 022</strong>

government to file a response by 5:00 p.m. Eastern time on August 15, 2022.  D.E. 5.
Following two additional such filings and in order to "avoid the need for individualized orders
on any future motion(s) to unseal," the Court directed the government to file "an omnibus
response to all motions to unseal on or before 5:00 p.m. Eastern time on August 15, 2022."
D.E. 12.

On August 12, 2022, the government filed its own motion with the Court seeking to
unseal, absent objection by the former President: (1) "the search warrant signed and approved
by the Court on August 5, 2022, including Attachments A and B," and (2) "the redacted
Property Receipt listing items seized pursuant to the search, filed with the Court on August
11, 2022."  D.E. 18.  The Court ordered the government to serve a copy of its motion on
counsel for the former President and to advise the Court by 3:00 p.m. Eastern time on August
12, 2022, whether the former President opposed the government's motion.  D.E. 19.  In
accordance with that order and following consultation with the former President's counsel,
the government notified the Court that the former President did not object to its motion to
unseal.  D.E. 40.  The Court then granted the government's motion and unsealed the above-
listed documents.  D.E. 41.

## Argument

### Disclosure of the Search Warrant Affidavit Would Irreparably Harm the Government's Ongoing Criminal Investigation

The press and the public enjoy a qualified right of access to judicial proceedings and
the judicial records filed therein.    *See, e.g., Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245
(11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th
Cir. 2001).   The unsealing of judicial materials pursuant to the common-law right of access
"requires a balancing of competing interests."   *Chicago Tribune Co.*, 263 F.3d at 1311.   "In

APP B 023

balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246.[3]

"In the Eleventh Circuit, potential prejudice to an ongoing criminal investigation represents a compelling government interest that justifies the closure of judicial records." *Bennett v. United States*, No. 12-61499-CIV, 2013 WL 3821625, at *4 (S.D. Fla. July 23, 2013) (Rosenbaum, J.) (citing *United States v. Valenti*, 986 F.2d 708 (11th Cir. 1993)). *See generally Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979) ("if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony," and "[t]here would also be the risk that those about to be indicted would flee, or

---

[3] In addition, the First Amendment provides a basis for the press and the public's "right of access to criminal trial proceedings." *Chicago Tribune Co.*, 263 F.3d at 1310. However, this Circuit has not addressed whether the First Amendment right of access applies to sealed search warrant materials. *See, e.g.*, *Bennett v. United States*, No. 12-61499-CIV, 2013 WL 3821625, at *3 (S.D. Fla. July 23, 2013) ("this Court has found no Eleventh Circuit decisions addressing whether a First Amendment right of access extends to sealed search-warrant affidavits, particularly at the preindictment stage"). The better view is that no First Amendment right to access pre-indictment warrant materials exists because there is no tradition of public access to *ex parte* warrant proceedings. *See In re Search of Fair Finance*, 692 F. 3d 424, 429-33 (6th Cir. 2012); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989); *Times Mirror Co. v. United States*, 873 F. 2d 1210, 1212-18 (9th Cir. 1989). In any event, the Court need not determine whether a First Amendment right of access to search warrant affidavits attaches at this stage of an investigation because, even if there were such a right, a "compelling government interest," *Bennett*, 2013 WL 3821625, at *4, favors keeping the remaining materials under seal for the reasons laid out below.

APP B 024

would try to influence individual grand jurors"). In *Valenti*, for example, the Eleventh Circuit concluded that the district court properly denied a newspaper's motion to unseal transcripts from closed court proceedings "as a necessary means to achieving the government's compelling interest in the protection of a continuing law enforcement investigation." 987 F.2d at 714.[4] As Judge Jordan explained in the context of one "highly-publicized criminal case," there are compelling reasons not to release non-public information in an ongoing investigation that could "compromise the investigation and might . . . lead to the destruction of evidence." *United States v. Steinger*, 626 F. Supp. 2d 1231, 1232, 1235 (S.D. Fla. 2009). Even when the public is already aware of the general nature of the investigation, revealing the specific contents of a search warrant affidavit could alter the investigation's trajectory, reveal ongoing and future investigative efforts, and undermine agents' ability to collect evidence or obtain truthful testimony. In addition to the implications for the investigation, the release of this type of investigative material could have "devastating consequences" for the reputations and rights of individuals whose actions and statements are described. *See Steinger*, 626 F. Supp. 2d at 1235. For these reasons, courts in this

---

[4] Out-of-circuit authority is similar. *See, e.g.*, *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 431 (4th Cir. 2005) (affirming that "the government's interest in continuing its ongoing criminal investigation outweighs the petitioners' interest in having the document opened to the press and the public"); *Matter of EyeCare Physicians of Am.*, 100 F.3d 514, 519 (7th Cir. 1996) (affirming decision not to unseal search warrant affidavits in preindictment posture because that "might very likely impair the ongoing criminal investigation," and observing that "disclosing even a redacted version of the search warrant affidavit would enable the subjects of the investigation the opportunity to alter, remove or withhold records"); *Times Mirror Co.*, 873 F.2d at 1219 ("the ends of justice would be frustrated, not served, if the public were allowed access to warrant materials in the midst of a preindictment investigation into suspected criminal activity"); *In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988) ("The government has demonstrated that restricting public access to [investigative] documents is necessitated by a compelling government interest—the on-going investigation.").

APP B 025

jurisdiction have consistently denied motions to unseal investigative records—including search warrant affidavits—in ongoing criminal investigations. *See Valenti*, 987 F.2d at 714 (affirming denial of motion to unseal transcripts from closed court proceedings); *Bennett*, 2013 WL 3821625 at *4-8 (denying motion to unseal search warrant affidavit); *Matter of Search of Office Suites for World and Islam Studies*, 925 F. Supp. 738, 743 (M.D. Fla. 1996) (denying motion to unseal search warrant affidavits because they "contain the identifications of individuals that are subjects of the Government's investigation" and they "state, at length, the scope and direction of its investigation"); *Steinger*, 626 F. Supp. 2d at 1235 (denying motion to unseal "motions, responses, replies, orders, and transcripts" related to an "ongoing federal grand jury corruption investigation").

Courts have also denied requests to partially unseal redacted versions of investigative materials where doing so would fail to protect the integrity of law enforcement investigations. *See Valenti*, 987 F.2d at 715 ("release of a redacted version" of transcripts from closed proceedings "would have been inadequate to protect the government's interest in the ongoing investigation"); *Patel v. United States*, No. 9:19-MC-81181, 2019 WL 4251269, at *4 (S.D. Fla. Sept. 9, 2019) ("Given the details contained in the [search warrant] affidavit, the Court finds that redaction of names and other identifying information would not adequately assure the Government's need to protect the integrity of an ongoing investigation."); *Bennett*, 2013 WL 3821625, at *7 ("line-by-line redaction is not practical" where the government's justifications for sealing include protecting the identities of undercover agents as well as protecting identities of potential witnesses); *Matter of Search of Office Suites for World and Islam Studies*, 925 F. Supp. at 743-44 (observing that even if release of redacted affidavits "might protect the parties named in the affidavits" it would "offer[] no shield against revealing the other aspects

APP B 026

of the Government's investigation," and concluding that "unsealing even a portion of [an] affidavit would reveal, either explicitly or by inference, the scope and direction of the Government's investigation"); *United States v. Corces*, No. 92-28-CR-T-17B, 1997 WL 447979, at *3 (M.D. Fla. July 28, 1997) ("redaction may be impracticable or insufficient to protect the compelling interest" in protecting law enforcement investigations).

Here, the government has a compelling, overriding interest in preserving the integrity of an ongoing criminal investigation. As the government has readily acknowledged, the circumstances here—involving a search of the premises for a former President—involve matters of significant public concern. As a result, in an effort to ensure public access to materials that no longer needed to be sealed to protect the investigation, the government sought to unseal the search warrant, its attachments describing the premises to be searched and the property to be seized, and the Property Receipt provided to the former President's counsel upon execution of the search. *See* D.E. 18. The Court granted that motion with the consent of former President Trump, who had previously received these materials, and the materials have now been made public. D.E. 40, 41. From these disclosures, the public is now aware of, among other things, the potential criminal statutes at issue in this investigation, *see* D.E. 17:4 (Attachment B to the search warrant) (permitting the government to seize materials "constituting evidence, contraband, fruits of crime, or other items illegally possessed in violation of 18 U.S.C. §§ 793, 2071, or 1519"), and the general nature of the items seized, including documents marked as classified, *see* D.E. 17:5-7 (Property Receipt). The government determined that these materials could be released without significant harm to its investigation because the search had already been executed and publicly acknowledged by the former President, and because the materials had previously been provided to the former

APP B 027

President through counsel.

Disclosure at this juncture of the affidavit supporting probable cause would, by contrast, cause significant and irreparable damage to this ongoing criminal investigation. As the Court is aware from its review of the affidavit, it contains, among other critically important and detailed investigative facts: highly sensitive information about witnesses, including witnesses interviewed by the government; specific investigative techniques; and information required by law to be kept under seal pursuant to Federal Rule of Criminal Procedure 6(e). If disclosed, the affidavit would serve as a roadmap to the government's ongoing investigation, providing specific details about its direction and likely course, in a manner that is highly likely to compromise future investigative steps. In addition, information about witnesses is particularly sensitive given the high-profile nature of this matter and the risk that the revelation of witness identities would impact their willingness to cooperate with the investigation.[5] Disclosure of the government's affidavit at this stage would also likely chill future cooperation by witnesses whose assistance may be sought as this investigation progresses, as well as in other high-profile investigations. The fact that this investigation implicates highly classified materials further underscores the need to protect the integrity of the investigation and exacerbates the potential for harm if information is disclosed to the public prematurely or improperly.[6]

---

[5] This is not merely a hypothetical concern, given the widely reported threats made against law enforcement personnel in the wake of the August 8 search. *See, e.g.,* Alan Feuer et al., "Armed Man Is Killed After Trying to Breach FBI's Cincinnati Office," *N.Y. Times* (Aug. 11, 2022), *available at* https://www.nytimes.com/live/2022/08/11/us/fbi-cincinnati-shooting-news; Josh Margolin, "Authorities Monitoring Online Threats Following FBI's Mar-a-Lago Raid," ABC News (Aug. 11, 2022), *available at* https://abcnews.go.com/US/authorities-monitoring-online-threats-fbis-mar-lago-raid/story?id=88199587.

[6] Given that the Court is considering motions to unseal this affidavit merely days after reviewing these materials and approving the warrant application, the government is mindful

APP B 028

As Judge Jordan explained in *Steinger*, the risks of disclosing specific details about an investigation are manifold and potentially devastating. *See* 626 F. Supp. 2d at 1235. Specific facts in a warrant affidavit may act as a roadmap of the ongoing investigation. Meanwhile, of their own accord, witnesses may be "hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of their testimony," *id.*, or that information they share in interviews would be publicized before any criminal proceeding has been initiated. These powerful concerns justify keeping the warrant affidavit under seal. *See also, e.g.*, *In re Search of Fair Finance*, 692 F.3d 424, 432 (6th Cir. 2012) (disclosure of search warrant materials could "reveal the government's preliminary theory of the crime being investigated," and could cause the government to "be more selective in the information it disclosed [to courts] in order to preserve the integrity of its investigations"); *Matter of Search of Office Suites for World and Islam Studies*, 925 F. Supp. at 743 (denying motion to unseal affidavits that "contain the identifications of individuals that are subjects of the Government's investigation"; that "state, at length, the scope and direction of its investigation"; and that contain "[r]eferences to cooperating witness(es) . . . throughout the documents"); *Bennett*, 2013 WL 3821625, at *4 ("protecting [the] ongoing investigation of Dr. Bennett and the Gulfstream Pain Center constitutes a compelling interest justifying continued sealing," especially in "this pre-indictment stage"); *id.* at *6 (similar).

Further, and in view of what the government has already moved to make public, there is no "less onerous alternative to sealing" the affidavit. *Romero*, 480 F.3d at 1246. Unlike

---

that this Court is familiar with the highly sensitive contents of the affidavit and the specific harms that would result from its unsealing. However, if the Court would like the government to file a sealed *ex parte* supplement that addresses with more specificity the contents of the affidavit and the harms identified in this response, the government stands ready to do so.

APP B 029

the Property Receipt—which the government moved to unseal subject to minor redactions, including to protect the identity of law enforcement officials—the affidavit cannot responsibly be unsealed in a redacted form absent redactions that would be so extensive as to render the document devoid of content that would meaningfully enhance the public's understanding of these events beyond the information already now in the public record.   There is simply no alternative to sealing that could ensure the integrity of the government's investigation and that would prevent the inevitable efforts to read between the lines and discern the identities of certain individuals, dates, or other critical, case-specific information.   *Accord Matter of Search of Office Suites for World and Islam Studies*, 925 F. Supp. at 743 ("While this court is fully cognizant of the public's and press's right of access and has carefully considered redaction of names and extraction of excerpts as a less restrictive means to protect the Government's investigation, in this instance, neither is sufficient to protect the Government's compelling interests."); *Bennett*, 2013 WL 3821625, at *8 ("Given the detailed context in which [certain] persons and their actions are discussed in the affidavit, the Court finds that redaction of names and other identifying information would not adequately protect the Government's need for closure.").

The case law cited by the intervenors is readily distinguishable.   Many of those cases involved unsealing requests made well after charges were filed.   *See, e.g.*, *United States v. Peterson*, 627 F. Supp. 2d 1359, 1374 (M.D. Ga. 2008) ("Defendant is already under indictment"); *United States v. Shenberg*, 791 F. Supp. 292, 293 & n.1 (S.D. Fla. 1991) (defendants were already under indictment, and charges were "well known and have been extensively reported by the media"); *United States v. Vives*, No. 02-20030 CR, 2006 WL

APP B 030

3792096 (S.D. Fla. Dec. 21, 2006).[7]  In other cited cases that involved requests to unseal warrants in the investigation phase—in other words, before any charges—the court ultimately concluded that the government's compelling interest in protecting the integrity of its investigation outweighed any public right of access.  *E.g.*, *In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988) (rejecting disclosure request); *Bennett*, 2013 WL 3821625 (same); *Patel*, 2019 WL 4251269, at *4 ("The Court finds that unsealing the underlying [search warrant] affidavit and related documents would severely prejudice the Government's ongoing investigation"); *In re Search of Wellcare Health Plans*, *Inc.*, No. 8:07-MJ-1466-TGW, 2007 WL 4240740, at *2 (M.D. Fla. Nov. 28, 2007) ("The protection of this continuing law enforcement investigation is a compelling governmental interest that outweighs the public's interest in immediate access to" the warrant affidavit). And in *In re Four Search Warrants*, 945 F. Supp. 1563 (N.D. Ga. 1996), involving the 1996 Atlanta Olympic bombing investigation, "the criminal investigation into [the search subject's] participation in the bombing ha[d] ended" and he was "no longer considered a suspect" by the time the media sought the search warrant materials.  *Id.* at 1568.  Unsurprisingly, none of these cases concerned circumstances remotely similar to these—where there is an active investigation and a search was executed just days ago.   Thus, while the intervenors quote these opinions for general principles about the right of access, the actual application of those principles in those cases favors the government's position here.

## Conclusion

This Court should deny motions by third parties to the extent they seek to unseal the

---

[7] Although the court's decision in *Vives* did not discuss the case history, the docket indicates that Vives and his codefendants were charged and tried years before the unsealing request at issue.

APP B 031

search warrant affidavit.   Because the parties already have briefed this matter extensively, the

government submits that the Court should rule on the motions without a hearing.   The

government does not object to the unsealing of Docket Entry 57.

Respectfully submitted,

*/s Juan Antonio Gonzalez*
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
Florida Bar No. 897388
99 NE 4th Street, 8th Floor
Miami, FL 33132
Tel: 305-961-9001
Email: juan.antonio.gonzalez@usdoj.gov

/s *Jay I. Bratt*
JAY I. BRATT
CHIEF
Counterintelligence and Export Control
Section
National Security Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Illinois Bar No. 6187361
Tel: 202-233-0986
Email: jay.bratt2@usdoj.gov

APP B 032

## Certificate of Service

I **HEREBY CERTIFY** that I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing.

 /s *Juan Antonio Gonzalez*
Juan Antonio Gonzalez
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CRIMINAL CASE NO.: 9:22-mj-08332-BER-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SEALED SEARCH WARRANT,

      Defendant.

_____/

## MOVANT JUDICIAL WATCH, INC.'S REPLY
## IN SUPPORT OF ITS MOTION TO UNSEAL

Movant Judicial Watch, Inc., by counsel, respectfully submits this reply in support of its motion to unseal the search warrant materials in this case [ECF No. 4].[1]

1.    There is no dispute that the Court "must balance the presumptive right of access against important competing interests and then weigh[] the Government's asserted reasons for continued sealing against Petitioner's interest in access." *Bennett v. United States*, 2013 U.S. Dist. LEXIS 102771, *21 (S.D. Fla. July 23, 2013) (citing *In re Four Search Warrants*, 945 F. Supp. 1563, 1567-1568 (N.D. Ga. 1996).

2.    The government's opposition is devoid of any balancing of the interests at stake even though, in its motion to unseal the warrant and the inventory list, the government recognized that "[t]his matter plainly concerns public officials or public concerns as it involves a law

---

[1]    Judicial Watch notes that while, multiple media entities included motions to intervene with their motions to unseal, it filed only a motion to unseal. Judicial Watch did so to avoid burdening the Court with additional paperwork. Judicial Watch is prepared to file a separate motion to intervene if the Court determines one is necessary. In addition, for the avoidance of doubt, Movant respectfully requests to be heard at the hearing scheduled for August 18, 2022 at 1:00 p.m. and expects its argument would be no longer than five minutes.

enforcement action taken at the property of the 45th President of the United States. The public's clear and powerful interest in understanding what occurred under these circumstances weighs heavily in favor of unsealing." Gov't Motion (ECF No. 4 at 4) (internal quotation marks and citation omitted). The government's argument for keeping the search warrant affidavit under wraps is little more than the assertion that the affidavit should remain sealed because of what the government *says* is important. Movant does not dispute the importance of preserving the integrity of criminal investigations and protecting the country's national security interests. However, the public may be forgiven for not taking the government at its word as to what information would jeopardize such interests. Indeed, that is precisely why the Constitution inveighs this Court with the heavy responsibility of balancing the government's and the public's competing interests in disclosure.

3.    The Court must give searching review to the government's claimed reasons for keeping the affidavit under seal. *Baltimore Sun Company v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989) ("[T]he decision to seal the papers must be made by the judicial officer; he cannot abdicate this function."). And while the government asserts that movants' case law is "readily distinguishable," the government identifies no analogous case law concerning the execution of a search warrant at the home of a sitting president's immediate predecessor and election opponent and potential future election opponent. It is the government's case law that is readily distinguishable.

4.    The public interest in the contents of the affidavit cannot be understated. The secrecy surrounding the search warrant, and the affidavit that led to its issuance, has caused the nation to convulse with intrigue and harmful speculation that will only increase the longer the truth is kept from the public. The heat must be replaced with light, and soon. Maintaining the seal will only fuel more speculation, uncertainty, leaks, and political intrigue and it will also serve to

APP B 035

undermine public confidence in the fair administration of justice and equal protection of the law. Considering the gravity of this unprecedented action by the government, at a minimum, the Court should review the affidavit line-by-line to determine what information may be disclosed and what information may be redacted to balance the competing concerns at issue.

5.     The unsealing of the warrant and inventory list has not satisfied the public interest. If anything, disclosure of the inventory of records seized during the search has only further inflamed public debate about the search and increased public interest in the disclosure of as much of the affidavit as possible.

6.     Relatedly, and as has been widely reported, President Trump has also called for the immediate release of the completely unredacted search warrant affidavit.[2]

Dated: August 17, 2022.                    Respectfully Submitted,

MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

_/s/ James C. Moon_____
Michael S. Budwick, Esquire
Florida Bar No. 938777
mbudwick@melandbudwick.com
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com

_/s/ Paul J. Orfanedes_____
Paul J. Orfanedes, Esquire
(*Admitted Pro Hac Vice*)
porfanedes@judicialwatch.org

---

[2] https://truthsocial.com/@realDonaldTrump/108830529259405266

3

APP B 036

*/s/ Michael Bekesha*
Michael Bekesha, Esquire
(*Admitted Pro Hac Vice*)
mbekesha@judicialwatch.org
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Telephone: (202) 646-5172
Facsimile: (202) 646-5199

*Counsel for Movant Judicial Watch, Inc.*

**APP B 037**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA

                                 Case No.: 9:22-mj-08332-BER

         v.

SEALED SEARCH WARRANT

_____/

## CONSOLIDATED REPLY OF ALL MEDIA INTERVENORS IN FURTHER SUPPORT OF MOTION FOR ACCESS TO ALL SEARCH WARRANT RECORDS

Intervenors American Broadcasting Companies, Inc.; the Associated Press; Cable News Network, Inc. ("CNN"); CBS Broadcasting Inc.; Dow Jones & Company, Inc., publisher of *The Wall Street Journal*; the E.W. Scripps Company ("Scripps"); Gannett Co., Inc. d/b/a *The Palm Beach Post*; the McClatchy Company, LLC d/b/a the *Miami Herald*; NBCUniversal Media, LLC d/b/a NBC News; The New York Times Company; Times Publishing Company d/b/a the *Tampa Bay Times*; and WP Company LLC d/b/a *The Washington Post* (the "Media Intervenors") submit this consolidated reply in response to the United States' Omnibus Response to Motions to Unseal ("Resp.") (ECF No. 59) and in further support of their motions (ECF Nos. 8, 20, 22, 23, 31, 32, 33, 49) seeking an order unsealing and providing public access to all search warrant records, including the affidavit of probable cause.

The government and the Media Intervenors agree that the public has a "clear and powerful interest" in understanding the unprecedented investigation into former President Donald J. Trump's handling of classified records. They also agree that the common-law right of

access applies to the search warrant materials currently under seal.[1]  They further agree that the law required release of the search warrant and property receipt, which the Court has now done, and that the cover sheets for the search warrant application, the government's motion to seal, and the Court's sealing order should be unsealed immediately as well, all with only minor redactions. And they agree that the government may be able to make a sufficient showing of a compelling interest authorizing it to maintain under seal some details of the investigation while it remains ongoing.

The government, however, has taken the position that the affidavit of probable cause must remain under seal *in its entirety*, despite the presumption of access, with little explanation as to how release would harm the ongoing investigation, and even though many details of the investigation are already public.  In the government's view, the necessary redactions "would be so extensive as to render the document devoid of content that would meaningfully enhance the public's understanding of these events."  Resp. at 10.  This runs counter to the presumption of public access, which requires the disclosure of as much information as possible.  The affidavit of probable cause should be released to the public, with only those redactions that are necessary to protect a compelling interest articulated by the government.[2]

---

[1] The government also recognizes that the distinct constitutional right of access applies to criminal proceedings, but argues that the right does not apply to pre-indictment search warrant materials.  Resp. at 4 n. 3.

[2] The government has agreed to the unsealing of the cover sheets for the search warrant application, the government's motion to seal, and the Court's sealing order.  Resp. at 2; ECF No. 57 (conditionally sealed filing of redacted materials).  In a meet-and-confer call on August 15, 2022 with counsel for Intervenors The Washington Post, CNN, NBC News, Scripps, and the Associated Press, the government asked whether they would consent to the continued sealing of the names of additional prosecutors referenced in those documents.  *(con't)*

APP B 039

I.  **THE PUBLIC'S "CLEAR AND POWERFUL INTEREST"
IN THE SEARCH WARRANT RECORDS EXTENDS TO
THE AFFIDAVIT OF PROBABLE CAUSE.**

As Attorney General Merrick Garland aptly wrote when he was Chief Judge of the D.C.

Circuit:

> The common-law right of public access to judicial records is a fundamental
> element of the rule of law, important to maintaining the integrity and legitimacy
> of an independent Judicial Branch.  At bottom, it reflects the antipathy of a
> democratic country to the notion of 'secret law,' inaccessible to those who are
> governed by that law."

*Leopold v. United States*, 964 F.3d 1121, 1127 (D.C. Cir. 2020) (citation omitted); *see also*

*MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (2017) (Garland, J.) (right of

access "serves to produce an informed and enlightened public opinion," to "safeguard against

any attempt to employ our courts as instruments of persecution, to promote the search for truth,

and to assure confidence in judicial remedies" (internal marks omitted)).

Separately, as the government notes, there is a First Amendment right of access to certain

criminal proceedings.  Resp. at 4 n.3.  While the Eleventh Circuit has not considered whether the

First Amendment right of access attaches to search warrant materials, the Eighth Circuit has

recognized a First Amendment right, as has at least one court within this District.  *See In re*

*Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988);

*United States v. Shenberg*, 791 F. Supp. 292, 293 (S.D. Fla. 1991).  Although some courts have

reached different conclusions, *see* Resp. at 4 n.3 (collecting cases), the Eighth Circuit's view is

more consistent with Supreme Court precedent.  *See Richmond Newspapers v. Virginia*, 448 U.S.

---

Counsel consented, at that time, on behalf of that group of media.  All of the undersigned counsel
now agree, on behalf of their respective clients, to the temporary continued sealing of the
prosecutors' names at this time. The government and counsel for the Media Intervenors have
been unable to reach agreement on any other issues presently pending before the Court.

APP B 040

555, 580 (1980) (recognizing First Amendment right of access to criminal trials);
*Press-Enterprise Co. v. Super. Ct. of Cal.*, 478 U.S. 1, 12 (1986) ("It is true that unlike a criminal trial, the California preliminary hearing cannot result in the conviction of the accused and the adjudication is before a magistrate or other judicial officer without a jury. But these features, standing alone, do not make public access any less essential to the proper functioning of the proceedings in the overall criminal justice process."); *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501 (1984) (recognizing First Amendment right of access to voir dire in criminal case).

Consistent with the presumption of access, the Department of Justice, under the Attorney General's leadership, has joined the Media Intervenors in recognizing that the public has a "clear and powerful interest in understanding what occurred in" the search of Trump's Mar-a-Lago residence, which "weighs heavily in favor of unsealing." United States' Mot. to Unseal Limited Warrant Materials at 4 ("Gov't Mot.,") (ECF No. 18); *see also* Resp. at 7 ("As the government has readily acknowledged, the circumstances here—involving a search of the premises for a former President—involve matters of significant public concern."). In recognition of that public interest, this Court acted promptly and diligently to ensure public access to redacted versions of the search warrant and property receipt. *See* Order Granting Gov't Mot. (ECF No. 41).

That same public interest extends to the affidavit of probable cause in this matter, which outlines the government's basis for the extraordinary step of seeking the warrant to search a former President's home. *See In re Four Search Warrants*, 945 F. Supp. 1563, 1569 (N.D. Ga. 1996) (recognizing "the public's right to understand the legal process, the preservation of the integrity of the fact-finding process, and the furtherance of the appearance of fairness" as interests favoring unsealing of search warrants). The unsealed search warrant and property receipt revealed that Trump is under investigation for potentially violating the Espionage Act,

APP B 041

mishandling top secret documents, and obstruction of justice.  Notice of Filing of Redacted

Documents (ECF No. 17).  In these circumstances, it is not merely a recitation of hornbook law

to say that the public has a right to learn as much as possible, and as soon as possible, about this

"historically significant event," including the details of the investigation.  *Newman v. Graddick*,

696 F.2d 796, 803 (11th Cir. 1983); *see also Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596,

604-05 (1982) (right of access "ensure[s] that th[e] constitutionally protected discussion of

governmental affairs is an informed one" (internal marks omitted)).  Notably, the former

President has made no objection to the release of any warrant materials, and in fact has gone

further than the Media Intervenors, calling for "the immediate release of the completely

Unredacted Affidavit" on social media.[3]

The government has told the Court, in arguing to keep the affidavit under seal, that if it

were to release the document, certain unspecified redactions would be "necessary to mitigate

harms to the integrity of the investigation."[4]  Resp. at 1 n.1.  While the government characterizes

those necessary redactions as "extensive" in making this argument, it admits that *some* portions

of the document, if released, would not harm the investigation.  *Id.*  Yet the government thus far

appears to have made no effort to identify the particular portions of the affidavit that it believes

pose a risk and explain the basis for that belief, instead asserting that the Court is already

"familiar with the highly sensitive contents of the affidavit and the specific harms that would

result from its unsealing."  *Id.* at 8-9 n.6.  To overcome the presumption of access, this Court

---

[3] Donald J. Trump (@realDonaldTrump), TRUTH SOCIAL (Aug. 15, 2022),
https://truthsocial.com/@realDonaldTrump/108830529259405266.

[4] While the government represents that a redacted document would be "devoid of meaningful
content," Resp. at 1 n.1, *any* additional information about the unprecedented FBI raid on a
former President's home provides "meaningful content" to the public.

APP B 042

must make findings of fact on the record supporting closure.  *See, e.g.*, *Press-Enterprise Co.*, 464 U.S. at 510 ("The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.").  The government has offered the Court little assistance in this regard, given the high level of abstraction in its response.

Any proposed redactions must be narrow, the government must explain to the Court why each redaction is necessary "to mitigate harms to the integrity of the investigation," and only those redactions determined to meet a compelling need articulated by the government after the Court conducts an *in camera* review can be justified.  *See, e.g.*, *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001); *United States v. Vives*, 2006 U.S. Dist. LEXIS 92973, at *5 (S.D. Fla. Dec. 21, 2006).  The Media Intervenors request the opportunity to be further heard by the Court should they wish to challenge any redactions in the affidavit as publicly filed.

## II.    THERE IS NO COMPELLING INTEREST IN CONTINUED SEALING OF INFORMATION ALREADY PUBLICLY DISCLOSED.

As the government also recognized in its Motion to Unseal Limited Warrant Materials, the interest in maintaining secrecy is greatly diminished once the information contained in a judicial record has already been disclosed to the public through other sources.  The government rightfully noted that the law required unsealing the warrant and property receipt because "the occurrence of the search and indications of the subject matter involved [were] already public."  Gov't Mot. at 3; *see also Newman*, 696 F.2d at 803 (in deciding whether sealing is appropriate, court must consider "whether the press has already been permitted substantial access to the contents of the records"); *Washington Post v. Robinson*, 935 F.2d 282, 291-92 (D.C. Cir. 1991) (sealing not justified when same information had already been published in news reports).

6

APP B 043

Indeed, the press has already widely reported significant details about the events leading up to the search and the investigation, including that:

- Some of the materials sought in the Mar-a-Lago search related to nuclear weapons[5] and/or "special access programs"[6];

- The National Archives referred the matter to the Justice Department after it retrieved 15 boxes of materials from Mar-a-Lago in January[7];

- Some of the materials recovered by the National Archives were classified, including signals intelligence[8];

- Some of the recovered materials were torn up and needed to be taped back together[9];

---

[5] Josh Dawsey et al., *Trump's secrets: How a records dispute led the FBI to search Mar-a-Lago*, WASHINGTON POST (Aug. 13, 2022), https://www.washingtonpost.com/national-security/2022/08/13/trump-mar-a-lago-search/; Lindsay Whitehurst, *Timeline of events leading up to FBI search of Trump's home*, ASSOCIATED PRESS (Aug. 12, 2022), https://apnews.com/article/florida-donald-trump-mar-a-lago-merrick-garland-government-and-politics-5ffebbfdae66d71790195f67f282fe80.

[6] Maggie Haberman et al., *Files Seized From Trump Are Part of Espionage Act Inquiry*, NEW YORK TIMES (Aug. 12, 2022), https://www.nytimes.com/2022/08/12/us/trump-espionage-act-laws-fbi.html; Catherine Herridge et al., *FBI took boxes and documents in Trump search, sources say*, CBS NEWS (Aug. 9, 2022), https://www.cbsnews.com/news/trump-mar-a-lago-search-fbi-documents-boxes/; *see also* Jay Weaver & Michael Wilner, *Rubio suggests Mar-a-Lago search was a 'ruse' to find Jan. 6 evidence*, MIAMI HERALD (Aug. 12, 2022), https://www.miamiherald.com/news/local/article264385506.html.

[7] Dawsey et al., *supra* note 5; Whitehurst, *supra* note 5.

[8] *Id.*; Kathryn Watson, Fin Gomez, *Mar-a-Lago search warrant released, reveals FBI seized top-secret classified documents*, CBS NEWS (Aug. 12, 2022), https://www.cbsnews.com/news/mar-a-lago-search-warrant-released-today-trump-top-secret-classified-documents-espionage-act-2022-08-12/.

[9] Holmes Lybrand et al., *Timeline: The Justice Department criminal inquiry into Trump taking classified documents to Mar-a-Lago*, CNN (Aug. 12, 2022), https://www.cnn.com/2022/08/09/politics/doj-investigation-trump-documents-timeline/index.html.

APP B 044

- The Department of Justice launched an investigation and convened a grand jury[10];

- This spring, the Department of Justice served a subpoena on Trump seeking additional classified materials in his possession[11];

- Department of Justice officials, including Jay Bratt, the department's chief of counterintelligence and export control, met at Mar-a-Lago in June with Trump attorneys Christina Bobb and Evan Corcoran[12];

- During the June meeting, Trump briefly stopped by but did not answer any questions[13];

- Also during the June visit, the group toured storage facilities at Mar-a-Lago and reviewed some materials there[14];

---

[10] Maggie Haberman & Glenn Thrush, *Trump Lawyer Told Justice Dept. That Classified Material Had Been Returned*, NEW YORK TIMES (Aug. 13, 2022), https://www.nytimes.com/2022/08/13/us/politics/trump-classified-material-fbi.html; Robert LeGare, *Trump lawyers agree to public release of Mar-a-Lago search warrant for White House documents*, CBS NEWS (Aug. 12, 2022), https://www.cbsnews.com/news/mar-a-lago-search-warrant-release-trump-lawyers-agree-today-2022-08-12/; Michael Wilner, *Releasing Mar-a-Lago affidavit would 'irreparably harm' Trump probe, Justice Dept. says*, MIAMI HERALD (Aug. 16, 2022), https://www.miamiherald.com/news/politics-government/article264540681.html.

[11] Lybrand et al., *supra* note 9; Melissa Quinn & Robert LeGare, *Trump passports taken in FBI search of Mar-a-Lago returned to former president*, CBS NEWS (Aug. 16, 2022), https://www.cbsnews.com/news/donald-trump-passports-fbi-search-mar-a-lago/.

[12] Evan Perez et al., *Trump lawyer claimed no classified material was at Mar-a-Lago in signed letter to Justice Department*, CNN (Aug. 13, 2022), https://www.cnn.com/2022/08/13/politics/trump-attorney-classified-documents-mar-a-lago-search/index.html.

[13] Alex Leary et al., *FBI Quest for Trump Documents Started With Breeze Chats, Tour of a Crowded Closet*, THE WALL STREET JOURNAL (Aug. 10, 2022), https://www.wsj.com/articles/fbi-quest-for-trump-documents-started-with-breezy-chats-tour-of-a-crowded-closet-11660169349.

[14] Devlin Barrett et al., *Mar-a-Lago search appears focused on whether Trump, aides withheld items*, WASHINGTON POST (Aug. 9, 2022), https://www.washingtonpost.com/national-security/2022/08/09/trump-fbi-search-mar-a-lago/.

APP B 045

- Bratt subsequently sent an email to Corcoran instructing him to further secure the area where the documents were kept[15];

- One of Trump's attorneys signed a letter to the Department of Justice stating that all materials marked as classified and held in storage at Mar-a-Lago had been turned over[16];

- The Department of Justice also subpoenaed surveillance footage from Mar-a-Lago, which showed that boxes were moved in and out the storage room where the records at issue were kept[17]; and

- Justice Department officials interviewed many current and former Trump employees, at least one of whom indicated there may have been additional classified materials remaining at Mar-a-Lago[18].

To the extent that the affidavit of probable cause contains any of this information, or other details about the investigation already reported in the press, there is no compelling interest in maintaining it under seal. Instead, those portions of the affidavit should be made public even if the Court finds a compelling interest to maintain other discrete portions under seal. *See In re Four Search Warrants*, 945 F. Supp. at 1568 (releasing redacted search warrant affidavits where "much of the information" they contained had "already been made widely available to the public" through news reports).

---

[15] Glenn Thrush et al., *Trump Search Said to Be Part of Effort to Find Highly Classified Material*, New York Times (Aug. 11, 2022), https://www.nytimes.com/2022/08/11/us/politics/trump-fbi-subpoena.html.

[16] Dawsey et al., *supra* note 5; Whitehurst, *supra* note 5; Andres Triay, *Weeks before Mar-a-Lago search, Trump lawyer signed document saying all classified material had been removed*, CBS News (Aug. 15, 2022), https://www.cbsnews.com/news/trump-mar-a-lago-search-lawyer/.

[17] Haberman & Thrush, *supra* note 10.

[18] Dawsey et al., *supra* note 5; Whitehurst, supra note 5; *New insights into what may have led to warrant for searching Donald Trump's Florida compound*, NBC NEWS (Aug. 13, 2022), https://www.nbcnews.com/nightly-news/video/new-insights-into-what-may-have-led-to-warrant-for-searching-donald-trump-s-florida-compound-146116677510; *see also* Weaver & Wilner, *supra* note 6.

APP B 046

The government's position that any redactions would "render the document devoid of content that would meaningfully enhance the public's understanding of these events beyond the information already now in the public record," Resp. at 10, turns the presumption of public access to judicial records on its head.  The public is entitled to review judicial records unless there is a compelling interest to *deny* access, not if there is a sufficient reason to *grant* access to a redacted record, as the government has suggested.  And it is the public itself, not the government, that should have the opportunity to determine whether the information available enhances its understanding of this historic event.

## III.   CONCLUSION

For the foregoing reasons, and those set forth in their motions, the Media Intervenors respectfully request that the Court unseal any and all search warrant records.  If the Court determines through *in camera* review that a compelling interest justifies sealing some portions of the search warrant records, the Media Intervenors respectfully request that those portions be redacted and the remainder of the records be unsealed.

APP B 047

Dated: August 17, 2022

Respectfully submitted,

THOMAS AND LOCICERO PL

BALLARD SPAHR LLP

By: */s/ Carol Jean LoCicero*
    Carol Jean LoCicero (FBN 603030)
    Mark R. Caramanica (FBN 110581)
    601 South Boulevard
    Tampa, FL 33606
    Telephone: 813.984.3060
    clocicero@tlolawfirm.com
    mcaramanica@tlolawfirm.com

    Dana J. McElroy (FBN 845906)
    915 Middle River Drive, Suite 309
    Fort Lauderdale, FL 33304
    Telephone: 954.703.3418
    dmcelroy@tlolawfirm.com

*Attorneys for Intervenors The New York Times Company, CBS Broadcasting Inc., the McClatchy Company, LLC, and Times Publishing Company*

By: */s/ Charles D. Tobin*
    Charles D. Tobin (FBN 816345)
    1909 K Street NW, 12th Floor
    Washington, DC 20006
    Telephone: 202.661.2218
    tobinc@ballarspahr.com

    Elizabeth Seidlin-Bernstein (*pro hac vice*)
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103-7599
    Telephone: 215.665.8500
    seidline@ballardspahr.com

*Attorneys for Intervenors WP Company LLC, Cable News Network, Inc., NBCUniversal Media, LLC, the E.W. Scripps Company, and the Associated Press*

SHULLMAN FUGATE PLLC

ATHERTON GALARDI MULLEN & REEDER PLLC

By: *Rachel E. Fugate*
    Rachel E. Fugate (FBN 144029)
    Deanna K. Shullman (FBN 514462)
    Minch Minchin (FBN 1015950)
    2101 Vista Parkway, Suite 4006
    West Palm Beach, FL 33411
    Telephone: 813.935.5098
    rfugate@shullmanfugate.com
    dshullman@shullmanfugate.com
    mminchin@shulmanfugate.com

*Attorneys for Intervenors Dow Jones & Company, Inc. and American Broadcasting Companies, Inc.*

By: */s/ L. Martin Reeder, Jr.*
    L. Martin Reeder, Jr. (FBN 308684)
    1641 Worthington Road, Suite 11
    West Palm Beach, FL 33409
    Telephone: 561.293.2530
    martin@athertonlg.com

*Attorneys for Intervenor The Palm Beach Post*

APP B 048

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

**IN RE SEALED SEARCH WARRANT**          **Case No.: 9:22-MJ-08332-BER-1**

_____/

## THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY'S
## REPLY TO UNITED STATES' OMNIBUS RESPONSE TO MOTIONS TO UNSEAL

The Florida Center for Government Accountability, Inc., a Florida not-for-profit corporation, (the "Center"), through counsel, submit this Reply to the Unites States' Omnibus Response to Motions to Unseal (ECF# 59) ("Response").[1]

## Argument

The government agrees that, under the common law right of access to judicial records, the Court must apply a balancing test. (ECF #59 at 3). Noticeably absent from the Response is any analysis of those balancing factors, particularly the public importance of this case. Nor does the government explain why redaction could not achieve the interests of protecting an ongoing criminal investigation, particularly where substantial information is already in the public domain.

As demonstrated below, the particular facts and circumstances of this case tip the balancing analysis in favor of release.

### I.     Standard of review

The decision to allow public access is a matter of the Court's supervisory and discretionary power. *Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-Civ-KING/TORRES, 2018 U.S. Dist. LEXIS 89847, at *20 (S.D. Fla. May 30, 2018). A court's

---

[1] Because the Center adopts the Consolidated Reply of all Media Intervenors (ECF# 67) ("Consolidated Reply"), this Reply is limited.

discretion is exercised "in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599, 98 S. Ct. 1306, 1312-13 (1978).

## II.    Public importance

The Eleventh Circuit has recognized the importance of transparency in judicial proceedings "if the public is to learn about the crucial legal issues that help shape modern society. Informed public opinion is critical to effective self-governance." *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983). The court in *Newman* held that this right is not limited to a trial but extends "equally to proceedings other than the trial itself." *Id*. The *Newman* court also observed that the "integrity of the judicial process, which public scrutiny is supposed to safeguard, is just as much at issue in proceedings of this kind as at trial." *Id.*

The government acknowledges that the balancing factors the court must consider include whether the sealed information is about public officials and public concerns and whether any legitimate privacy interests are harmed by disclosure. Response at 4. In support of the search warrant affidavit remaining sealed, the government frequently cites *Bennett v. United States*, No. 12-61499-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 102771 (S.D. Fla. July 23, 2013), but that case has numerous distinctions.

For example, *Bennett* involved the execution of a search warrant at a pain management clinic for alleged controlled substance violations. Dr. Bennett, the owner of the clinic, sought to unseal the search warrant affidavit "in order to challenge its constitutional sufficiency." *Id.* at *22. The government argued against unsealing it because of an ongoing criminal investigation. Nothing in the opinion suggests that Dr. Bennett was a public official or that the public had *any* interest or concern in the search warrant.

**APP B 050**

In contrast, this case involves a search of the residence of the former President of the United States. As demonstrated by the Media Intervenors, there is a substantial and historic public interest in this case. Consolidated Reply at 6-10.

A key factor in *Bennett* for finding that a redacted search warrant affidavit was not practical was that it included "the identities of patients and employees of the Gulfstream Pain Center." *Bennett*, *supra*, at *23-24. But for those privacy interests, the outcome in *Bennett* would likely have been different. *See id*. at *23 (if the identity of witnesses and undercover officers were "the only risk posed by unsealing the affidavit, this case would likely be one where redaction could provide an alternative to complete sealing while still accommodating the Government's compelling interest in closure.").

Here, the Center agrees that redaction of information in the search warrant affidavit would adequately protect the interests asserted by the government and be narrowly tailored to serve that interest. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982) (denial of disclosure must serve a compelling governmental interest and be narrowly tailored to serve that interest).

For the above reasons, the Center urges the Court to direct the government to redact information that is narrowly tailored to serve the interests of its ongoing investigation but otherwise unseal the search warrant affidavit.

Respectfully submitted,

*/s/ Andrea Flynn Mogensen, Esq.*
Andrea Flynn Mogensen, Esq.
Law Office of Andrea Flynn Mogensen, P.A.
677 N. Washington Blvd., Suite 128
Sarasota, FL 34236
Tel: (941) 955-1066
Florida Bar No. 549681
andrea@sarasotacriminallawyer.com

APP B 051

/s/ Nellie L. King_____
Nellie L. King, Esq.
Law Offices of Nellie L. King
319 Clematis Street, Suite 604
West Palm Beach, FL 34201
Tel: (561) 220-2377
Florida Bar No. 99562

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on August 17, 2022, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing.


/s/ Andrea Flynn Mogensen, Esq.
Andrea Flynn Mogensen, Esq.

4

**APP B 052**

## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

IN RE SEALED SEARCH WARRANT          Case No.: 9:22-MJ-08332-BER-1

_____/

## THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY'S
## REPLY TO UNITED STATES' OMNIBUS RESPONSE TO MOTIONS TO UNSEAL

The Florida Center for Government Accountability, Inc., a Florida not-for-profit corporation, (the "Center"), through counsel, submit this Reply to the Unites States' Omnibus Response to Motions to Unseal (ECF# 59) ("Response").[1]

### Argument

The government agrees that, under the common law right of access to judicial records, the Court must apply a balancing test. (ECF #59 at 3). Noticeably absent from the Response is any analysis of those balancing factors, particularly the public importance of this case. Nor does the government explain why redaction could not achieve the interests of protecting an ongoing criminal investigation, particularly where substantial information is already in the public domain.

As demonstrated below, the particular facts and circumstances of this case tip the balancing analysis in favor of release.

### I.    Standard of review

The decision to allow public access is a matter of the Court's supervisory and discretionary power. *Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-Civ-KING/TORRES, 2018 U.S. Dist. LEXIS 89847, at *20 (S.D. Fla. May 30, 2018). A court's

---

[1] Because the Center adopts the Consolidated Reply of all Media Intervenors (ECF# 67) ("Consolidated Reply"), this Reply is limited.

discretion is exercised "in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599, 98 S. Ct. 1306, 1312-13 (1978).

## II.      Public importance

The Eleventh Circuit has recognized the importance of transparency in judicial proceedings "if the public is to learn about the crucial legal issues that help shape modern society. Informed public opinion is critical to effective self-governance." *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983). The court in *Newman* held that this right is not limited to a trial but extends "equally to proceedings other than the trial itself." *Id*. The *Newman* court also observed that the "integrity of the judicial process, which public scrutiny is supposed to safeguard, is just as much at issue in proceedings of this kind as at trial." *Id.*

The government acknowledges that the balancing factors the court must consider include whether the sealed information is about public officials and public concerns and whether any legitimate privacy interests are harmed by disclosure. Response at 4. In support of the search warrant affidavit remaining sealed, the government frequently cites *Bennett v. United States*, No. 12-61499-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 102771 (S.D. Fla. July 23, 2013), but that case has numerous distinctions.

For example, *Bennett* involved the execution of a search warrant at a pain management clinic for alleged controlled substance violations. Dr. Bennett, the owner of the clinic, sought to unseal the search warrant affidavit "in order to challenge its constitutional sufficiency." *Id.* at *22. The government argued against unsealing it because of an ongoing criminal investigation. Nothing in the opinion suggests that Dr. Bennett was a public official or that the public had *any* interest or concern in the search warrant.

**APP B 054**

In contrast, this case involves a search of the residence of the former President of the United States. As demonstrated by the Media Intervenors, there is a substantial and historic public interest in this case. Consolidated Reply at 6-10.

A key factor in *Bennett* for finding that a redacted search warrant affidavit was not practical was that it included "the identities of patients and employees of the Gulfstream Pain Center." *Bennett*, *supra*, at *23-24. But for those privacy interests, the outcome in *Bennett* would likely have been different. *See id.* at *23 (if the identity of witnesses and undercover officers were "the only risk posed by unsealing the affidavit, this case would likely be one where redaction could provide an alternative to complete sealing while still accommodating the Government's compelling interest in closure.").

Here, the Center agrees that redaction of information in the search warrant affidavit would adequately protect the interests asserted by the government and be narrowly tailored to serve that interest. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982) (denial of disclosure must serve a compelling governmental interest and be narrowly tailored to serve that interest).

For the above reasons, the Center urges the Court to direct the government to redact information that is narrowly tailored to serve the interests of its ongoing investigation but otherwise unseal the search warrant affidavit.

Respectfully submitted,

*/s/ Andrea Flynn Mogensen, Esq.*
Andrea Flynn Mogensen, Esq.
Law Office of Andrea Flynn Mogensen, P.A.
677 N. Washington Blvd., Suite 128
Sarasota, FL 34236
Tel: (941) 955-1066
Florida Bar No. 549681
andrea@sarasotacriminallawyer.com

/s/ Nellie L. King           
Nellie L. King, Esq.
Law Offices of Nellie L. King
319 Clematis Street, Suite 604
West Palm Beach, FL 34201
Tel: (561) 220-2377
Florida Bar No. 99562

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 17, 2022, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing.

/s/ Andrea Flynn Mogensen, Esq.
Andrea Flynn Mogensen, Esq.

4

**APP B 056**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-MJ-8332-REINHART**

IN RE: Sealed Search Warrant

_____/

FILED BY_____ JMD _____D.C.

Aug 18, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## ORDER

**THIS CAUSE** is before the Court on motions to unseal the search warrant materials,
including the probable cause affidavit, that were filed by the Media-Intervenors. ECF Nos. 4, 6,
9, 20, 22, 23, 30-33. Today I held a hearing on the motions. As I ruled from the bench at the
conclusion of the hearing, I find that on the present record the Government has not met its burden
of showing that the entire affidavit should remain sealed. It is ORDERED that by **noon EST on
Thursday, August 25, 2022**, the Government shall file under seal its proposed redactions along
with a legal memorandum setting forth the justification for the proposed redactions.

It is FURTHER ORDERED that ECF No. 57 shall be unsealed by the Clerk of Court.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 18th day of
August, 2022.

_____
HON. BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

APP B 057