UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HERITAGE FOUNDATION, *et al.*,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF JUSTICE,

*Defendant*.

Civil Action No. 22-02688 (AHA)

**Memorandum Opinion and Order**

The Heritage Foundation and Mike Howell sued the Department of Justice under the Freedom of Information Act ("FOIA"), to compel expedited processing of their request for records related to the execution of a warrant at President Trump's Mar-a-Lago residence. The Department has produced responsive records, and the plaintiffs now move for a determination of whether they are eligible for and entitled to attorney's fees. The court concludes the plaintiffs are not eligible.

**I.    Background**

On August 11, 2022, the plaintiffs sent the Department a FOIA request for "[a]ll communications external to the United States Government relating to a search warrant carried out at Mar-a-Lago on or about August 8, 2022." ECF No. 5-2 at 1. They asked for expedited processing because the request involved "[a] matter of widespread and exceptional media interest in which there exist[] possible questions about the government's integrity [that] affect public confidence." *Id.* at 4–5 (quoting 28 C.F.R. § 16.5(e)(1)(iv)).

A week later, the Department issued a memorandum to all its components stating that all requests "related to the search warrant executed on August 8, 2022, at Mar-a-Largo [sic]" were

granted expedited processing, relying on the same regulation the plaintiffs had invoked. ECF No. 49-1. On August 20, the plaintiffs sent the Department a letter to supplement their request for expedited processing. ECF No. 5-3. Two days later, the Department wrote a letter confirming the Director of Public Affairs "determined that [the plaintiffs'] request for expedited processing should be granted," the request was "assigned to the expedited track," and processing of it had "been initiated." ECF No. 13-2 at 1. However, the Department mistakenly addressed the letter in one location to the wrong individual and sent the letter to the wrong email address instead of to the plaintiffs. ECF Nos. 13-2, 13-3.

Operating on the assumption the Department had not acted on their request for expedited processing, the plaintiffs filed this suit. *See* ECF No. 5 ¶ 4. The plaintiffs sent a letter to the Department saying they would move for a preliminary injunction if their request for expedited processing was not granted and, after receiving no response, moved for a preliminary injunction. ECF No. 11-1 at 5; ECF No. 11-4 at 4. The day after that motion was filed, the Department told the plaintiffs that their request for expedited processing was granted on August 22, 2022, before they filed suit, and the confirmation was mistakenly sent to the wrong email address. ECF No. 13-1. The plaintiffs asked for written confirmation that all relevant Department components would process their request on an expedited basis and the Department provided it. ECF No. 13 ¶¶ 5–6; *see* ECF No 13-5. The plaintiffs then voluntarily withdrew their preliminary injunction motion. ECF No. 13.

The parties agree the Department has since produced all responsive records without court order. *See* ECF No. 48 at 7; ECF No. 49 at 2. The plaintiffs now move for a determination of whether they are eligible for and entitled to attorney's fees under FOIA.

2

**II.     Discussion**

Under FOIA, the court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred" where "the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To recover attorney's fees, a plaintiff must first show they are eligible—that is, the plaintiff "has 'substantially prevailed' and thus 'may' receive fees." *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011) (quoting *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 470 F.3d 363, 368 (D.C. Cir. 2006)). If the plaintiff is eligible, the court then "considers a variety of factors to determine whether the plaintiff" is entitled to fees—that is, whether they "*should* receive fees." *Id*.

Here, the plaintiffs have not shown they are eligible for fees. To show they substantially prevailed, the plaintiffs must show they "obtained relief through either—(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). The plaintiffs acknowledge they did not obtain relief through a judicial order but argue they satisfy the second avenue, sometimes called the "catalyst theory." *See Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 95 (D.C. Cir. 2020); ECF No. 48 at 8. Under that theory, the plaintiffs substantially prevailed if their lawsuit "substantially caused the government to release the requested documents before final judgment." *Grand Canyon Tr.*, 947 F.3d at 96 (quoting *Brayton*, 641 F.3d at 524–25). The key question, then, is "whether the institution and prosecution of the litigation caused the agency to release the documents obtained," and "the plaintiff has the burden of showing that it is more probable than not that the government would not have performed the desired act absent the lawsuit." *Id.* at 97 (cleaned up). Here, the plaintiffs argue that their suit and, in particular, their preliminary injunction motion, caused the Department to process their request on an expedited basis. *See* ECF No. 48 at 8–9.

3

The court finds that the plaintiffs have not substantially prevailed on this theory and that the Department would have made—and, in fact, did make—the decision to expedite the plaintiffs' request across all components before the plaintiffs filed suit. The record shows the Department sent a memorandum to all its components nearly three weeks before the plaintiffs filed their suit, stating that the decision had been made to grant expedited processing for all FOIA requests for "Department of Justice documents related to the search warrant executed on August 8, 2022, at Mar-a-Largo [sic]." ECF No. 49-1. And, over two weeks before the plaintiffs filed suit, the Department put in writing that the expedited processing applied to the plaintiffs' request. *See* ECF No. 13-2. Although this notification was sent to the wrong address, the court finds it nonetheless shows the Department decided to expedite the plaintiffs' request before their suit and preliminary injunction motion. The plaintiffs' suit and preliminary injunction motion accordingly did not cause the Department to expedite processing.[1]

The plaintiffs ask the court not to credit the Department's contemporaneous documentation instructing components to expedite processing and issuing a notification letter confirming the plaintiffs' request would be expedited, saying the Department was not "actually" going to expedite their request without their suit and motion. ECF No. 48 at 9. The plaintiffs say certain Department components may not have expedited their request, relying on the fact that the Office of the Solicitor General did not affirmatively respond to the plaintiffs' expedition request and the Executive Office for United States Attorneys had erroneously denied expedition of a different FOIA request. *Id.* at

---

[1] The court assumes, without deciding, that causing the Department to process documents on an expedited basis can serve as the "change in position by the agency" required by the statute. 5 U.S.C. § 552(a)(4)(E)(ii)(II). Although the D.C. Circuit has not squarely addressed this question, the Department has not argued otherwise in this case. *See Grand Canyon Tr.*, 947 F.3d at 97–98 ("We need not decide whether a 'sudden acceleration' of production can, of itself, represent a 'change in position' within the meaning of the statute.").

4

6, 9. But, as the plaintiffs acknowledged in their preliminary injunction motion, the determination of the Director of Public Affairs controls. ECF No. 11-1 at 28; *see* 28 C.F.R. § 16.5(e)(2). Here, the Director of Public Affairs made that decision before the plaintiffs sued, and there is no indication that either the Solicitor General, the Executive Office, or any other component failed to expedite the plaintiffs' request.

The plaintiffs also ask the court to find that the Department's course of conduct shows it would not "actually" have expedited their request without the preliminary injunction motion. ECF No. 48 at 9. They point to the fact that the Department misaddressed the notification to them and did not respond to their pre-motion communication attempts, as well as the fact that the plaintiffs withdrew their preliminary injunction motion only after the Department confirmed in writing that all relevant components would expedite their request. *Id.* The court finds that these circumstances do not change the fact that the Department had decided to expedite the plaintiffs' request irrespective of their suit and motion. To be sure, the Department's misstep and lack of communication may have been frustrating and may have been what caused the plaintiffs to file their suit and preliminary injunction motion. But the question in shifting fees to the government is not whether the plaintiffs felt the need to sue to protect their interests, it is whether the plaintiffs' suit "substantially caused the government to release the requested documents before final judgment." *Grand Canyon Tr.*, 947 F.3d at 96 (quoting *Brayton*, 641 F.3d at 524–25); *see also id*. at 97 (finding the plaintiff failed to show suit caused agencies to release documents where "the plaintiff's own evidence makes clear that both agencies had begun processing the plaintiff's request well before the lawsuit was initiated" and "neither agency suggested it would fail to comply with the request" (cleaned up)).

The court accordingly finds the plaintiffs have not "substantially prevailed" and are not eligible for attorney's fees. 5 U.S.C. § 552(a)(4)(E)(i).

### III. Conclusion

For these reasons, the plaintiffs' motion for a determination of eligibility for and entitlement to attorney fees, ECF No. 48, is denied.

_____
AMIR H. ALI
United States District Judge

Date: December 16, 2025